**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lonnie MORGAN, Jr., Defendant—Appellant.**

No. 02–16595.

D.C. Nos. CV–99–01345–RCB, CR–97–00012–1–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Dec. 24, 2003.

Linda C. Boone, Michael Thomas Morrissey, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Nancy L. Hinchcliffe, Phoenix, AZ, for Defendant-Appellant.

Before CUDAHY,[*] BEEZER and KLEINFELD, Circuit Judges.

### MEMORANDUM[**]

Lonnie Morgan argues that he was denied effective assistance of counsel for failure to put on a transcript of his girlfriend's testimony at his detention hearing along with other supporting evidence.[1] In order to prevail on a claim of ineffective assistance of counsel, Morgan must show (1) that specific acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that he was prejudiced by these acts. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. In reviewing defense counsel's performance, a court must strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made. *Id.* at 689.

Even if Morgan's trial counsel had done all of the things which Morgan claims would have exculpated him, the entirety of his story still has too many holes to be a credible alternative. The declarations of Morgan's friend and his sister, even if offered at trial and believed, still fail to provide Morgan with a credible alibi for the time period in which Ogo was injured. Nor does any of the other purportedly exculpatory evidence serve to increase the credibility of Ogo's testimony from the detention hearing or decrease the credibility of her original claim that he had attacked her. The fact that an investigator who spoke with Ogo several months after the attack could have testified that Ogo told him the same story she told at Morgan's detention hearing does not make that story any more believable. Morgan also asserts without support that Ogo's treating physician could have been qualified as an expert. But even if the doctor had been so qualified, the doctor's uncertainty over the origin of Ogo's injuries does not exculpate Morgan, since it is not inconsistent with his having attacked her.

Morgan's trial counsel also had to consider that, if he opted to put on Ogo's testimony from the detention hearing, the government would have countered with an expert in domestic violence who would have explained to the jury that victims of domestic violence often recant their stories. Morgan admits that such expert testimony may have led the jury to believe

[*] The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. At Morgan's detention hearing, Morgan's girlfriend recanted her claim that Morgan had attacked her and offered an alternative explanation for her injuries. Because the magistrate judge presiding over the detention hearing found her testimony so incredible, counsel was appointed for her at Morgan's trial to advise her of the consequences of affirming her testimony, and she ended up pleading the Fifth Amendment and being ruled unavailable.

that his girlfriend was lying when she recanted her claim that he had attacked her.

Since Morgan can show neither that his trial counsel's conduct was outside the wide range of reasonable assistance nor that he suffered prejudice, the decision of the district court is

AFFIRMED.